UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JONATHAN JOHNSON (#119406)                          CIVIL ACTION

VERSUS

MARK SHARP, ET AL.                                  NO. 05-1244-A-M2

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, January 24, 2007.

MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JONATHAN JOHNSON (#119406)**                                              **CIVIL ACTION**

**VERSUS**

**MARK SHARP, ET AL.**                                                              **NO. 05-1244-A-M2**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' Motion to Dismiss, rec.doc.no. 21. This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Mark Sharp, Sgt. John Wells, Capt. Jimmy Smith, Mai Tran, M.D., Secretary Richard Stalder, Warden Burl Cain, and an unnamed "Joe Doe" defendant, complaining that his constitutional rights were violated on February 27, 2005, when he was subjected to excessive force and verbal abuse, was wrongly charged with disciplinary reports, and was found guilty and punished, <u>inter alia</u>, with the loss of 180 days of accrued good-time credits.[1] The plaintiff also complains that, after the incident, he was unable to obtain appropriate medical care despite his repeated requests of security officers.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure may not be granted unless it appears certain that the plaintiff will be unable to prove any set of facts in support of his claim that would entitle him to relief. <u>Leffall v. Dallas Indep. Sch. Dist.</u>,

---

[1] Inasmuch as the "John Doe" defendant is not identified in the plaintiff's Complaint, this defendant will not be considered as a defendant by the Court.

28 F.3d 521, 524 (5th Cir. 1994), citing Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994). See also Green v. State Bar of Texas, 27 F.3d 1083, 1086 (5th Cir. 1994) ("A dismissal will not be affirmed if the allegations support relief on any possible theory"). Accordingly, this Court must accept all well-pleaded facts as true, and must review them in the light most favorable to the plaintiff. Green, supra, at 1086.

Initially, it appears from the plaintiff's Complaint that he has named the defendants in both their individual and their official capacities. The law is clear, however, that § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's allegations against the defendants in their individual capacities, he asserts in his Complaint that on the evening of February 27, 2005, after he was involved in a fist fight with a co-inmate, he was told to pack his belongings. After doing so, he was placed in restraints and escorted by defendants Mark Sharp and John Wells into an office and was there allegedly subjected to a vicious beating by the two officers. After the beating, defendant Capt. Smith arrived and escorted the plaintiff to the prison infirmary. Although the plaintiff allegedly explained to defendant Smith what had just occurred, defendant Smith did nothing in response to these assertions. Subsequently, at the infirmary, the plaintiff was provided with only a cursory examination by an unidentified physician, was given ibuprofen and was released shortly thereafter to return to his housing assignment. The plaintiff complains that the attending physician did not properly address his complaints of

injury or perform appropriate diagnostic testing. In addition, the plaintiff complains that on subsequent dates, he attempted to obtain additional medical attention by making requests of various security officers and E.M.T.s, but these requests were refused or ignored until he was finally seen by an E.M.T. on March 1 and 6, 2005, on which dates he was given ibuprofen and referrals to see a physician. He complains, however, that he was not seen by a physician until March 17, 2005, at which time he was seen by defendant Dr. Mai Tran and again given no more than a cursory examination. Finally, the plaintiff complains that he was issued two wrongful disciplinary reports, by defendants Wells and Sharp, respectively, charging him with "Defiance" and "Aggravated Disobedience", and accusing him of having initiated the confrontation with security on the evening of February 27, 2005. As a result of these disciplinary charges, the plaintiff was ultimately found guilty and sentenced to the loss of 180 days of accrued good-time credit which he had earned toward early release.

Initially, with regard to the plaintiff's claim that he was subjected to threats and verbal abuse by defendants Sharp and Wells on February 27, 2005, the law is clear that allegations of verbal abuse and harassment alone do not present claims under § 1983. "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." McFadden v. Lucas, 713 F.2d 143 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983); Burnette v. Phelps, 621 F.Supp. 1157 (M.D. La. 1985). See also Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2nd Cir. 1973). Accordingly, the allegations against defendants Sharp and Wells regarding verbal abuse are insufficient to state a claim of constitutional dimension and must be dismissed.

Turning to the plaintiff's claim regarding the alleged use of excessive force against him by defendants Sharp and Wells on February 27, 2005, and the imposition of alleged wrongful disciplinary charges by these defendants on that date, which charges resulted in punishment which included the loss of 180 days of good-time credits, the Court concludes that these claims are not properly before the Court.  First, to the extent that the plaintiff seeks return of the referenced good-time credits, contending that the reports were wrongful and that he was denied due process during his disciplinary board proceedings, the law is clear that when a prisoner brings a claim that directly or indirectly challenges the length or constitutionality of his confinement, the claim must initially be pursued in a habeas corpus proceeding.  Serio v. Members of the Louisiana State Bd. of Pardons, 821 F.2d 1112, 1117 (5th Cir. 1987).  Because the plaintiff in the instant case complains of disciplinary charges which resulted in a loss of accrued good-time credits, which claim necessarily calls into question the length of his confinement, and because a successful resolution of this claim would theoretically result in his earlier release, he must first pursue this claim in a habeas corpus proceeding.  Keenan v. Bennett, 613 F.2d 127, 129-30 (5th Cir. 1980); Wilson v. Foti, 832 F.2d 891, 892 (5th Cir. 1987).

Further, to the extent that the plaintiff seeks monetary damages resulting from the alleged wrongful disciplinary charges, this claim must also be dismissed.  In this regard, a prisoner's claim for monetary damages attributable to an alleged wrongful period of confinement is not cognizable in federal court whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  If so, "the complaint must be dismissed unless the plaintiff can

demonstrate that the conviction or sentence has already been invalidated." Id. In the present case, a determination that the plaintiff is entitled to monetary damages as a result of the alleged unconstitutional disciplinary sentence would necessarily imply that the sentence is wrongful. Since the plaintiff has failed to allege that the offending disciplinary sentence, which resulted in the confiscation of accrued good-time credits, has been invalidated or called into question in a separate proceeding, the plaintiff's claim for monetary damages falls squarely within the holding of Heck v. Humphrey. See Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (Applying Heck rule in the context of a prisoner's good-time claim). Accordingly, his cause of action arising out of the alleged unconstitutional disciplinary sentence has not yet accrued and must be dismissed. Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994) ("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-Heck, because the plaintiff's action has been shown to be legally frivolous"). See also Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997); Arvie v. Broussard, 42 F.3d 249 (5th Cir. 1994).

Finally, applying a similar analysis, the plaintiff's claim for monetary damages attributable to the alleged use of excessive force arising out of the incident of February 27, 2005, is also not cognizable at this time. Specifically, the plaintiff asserts that he was subjected to a vicious beating by defendants Sharp and Wells, while fully restrained and while offering no resistance. In contrast, the defendants will surely assert that they utilized a minimal amount of force to bring the plaintiff under control after the plaintiff caused a disturbance and initiated the confrontation by striking one of the officers in the face. It is clear that a resolution of these competing versions in the plaintiff's favor

would compel the conclusion that the disciplinary charges levied against him on that date, accusing him of creating a disturbance, refusing direct orders, and striking a security officer, thereby necessitating the use of force to bring him under control, were invalid. As such, a finding in his favor would call into question the disciplinary sentence itself and, with it, the length of the plaintiff's confinement through the deprivation of his good-time credits. Accordingly, the alleged excessive force and the associated disciplinary charges are inextricably intertwined and, in the absence of a showing that the disciplinary sentence has been overturned, the Court cannot address the related excessive force claim. See, e.g., Powell v. Maddox, 2003 WL 21518371 (N.D. Tex. April 15, 2003) ("A grant of relief on plaintiff's claims [of excessive force] in this case would necessarily call into question the validity of the disciplinary determination of guilt.... For this reason, plaintiff's claim is not cognizable under section 1983 without a prior showing of favorable termination, that is, that the results of the disciplinary hearing have already been overturned, either on administrative appeal, through habeas, or by some other means."). See also Null v. Sanders, 2001 WL 256111 (N.D. Tex. March 9, 2001) (same).

Turning to the plaintiff's claims asserted against Capt. Jimmy Smith, Warden Burl Cain, and Secretary Richard Stalder, it appears from the Complaint that he has made only very limited allegations against these defendants. The law is clear that, in order for there to be liability under § 1983, a defendant must be either personally involved in conduct causing an alleged deprivation of constitutional rights, or there must be a causal connection between the actions of that person and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). Any allegation that these defendants are

responsible for the actions of their subordinates or co-employees is insufficient to state a claim under § 1983.  <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law.  <u>Lozano v. Smith</u>, <u>supra</u>.

In the instant case, with regard to defendants Stalder, Cain and Smith, the plaintiff fails to allege that these defendants participated directly in the alleged use of force on February 27, 2005, or in any alleged failure to provide medical assistance thereafter, and asserts primarily that these defendants "are the respondent superiors/ superintendents [sic]" of defendants Sharp and Wells, and are therefore responsible for these subordinate officers' actions.  This is an allegation of mere supervisory responsibility, however, for which there can be no liability under § 1983.  <u>Lozano v. Smith</u>, <u>supra</u>.  Further, although the plaintiff further alleges that defendants Stalder, Cain and Smith failed to investigate or take appropriate actions <u>after</u> the incident of alleged excessive force on that date, this assertion does not amount to a claim of constitutional violation.  The plaintiff does not have a constitutional right to have his claims investigated by prison officials after-the-fact.  <u>See</u>, <u>e.g.</u>, <u>Geiger v. Jowers</u>, 404 F.3d 371 (5th Cir., March 21, 2005) ("[A]ny alleged due process violation arising from the alleged failure to investigate ... grievances is indisputably meritless.")

Finally, the plaintiff asserts a claim that prison officials were deliberately indifferent to his serious medical condition after the incident of February 27, 2005.  He names as a defendant relative to this claim, however, only Dr. Mai Tran, who only saw the plaintiff on March 17, 2005, several weeks after the incident.  The plaintiff does not allege that this defendant attended the plaintiff at any other time for his injuries or was otherwise aware of the plaintiff's complaints resulting from this incident.  The plaintiff does complain, however, that defendant Tran failed to provide him with any medication for his reported complaints on the referenced date.

The law is clear that, in order for an inmate-plaintiff to prevail on a claim that his constitutional rights have been violated by the provision of improper or inadequate medical care, he must show that appropriate care was denied and that the denial constituted "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Johnson v. Treen, 759 F.2d 1236 (5th Cir. 1985).  Whether the plaintiff received the treatment or accommodation which he believes he should have is not the issue.  Estelle v. Gamble, supra; Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981).  Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action.  Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991); Johnson v. Treen, supra.  Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment.  Farmer v. Brennan, supra.  As stated in Farmer, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.

In the Court's view, the plaintiff's claim asserted against defendant Tran fails to rise to the level of a constitutional violation. All that the plaintiff alleges is that, on one occasion 2½ weeks after an alleged confrontation with security, he was seen by this defendant and was provided with, in his view, inadequate health care. His allegations are wholly lacking, however, in any factual detail which would suggest that Dr. Tran observed and ignored "a substantial risk of serious harm" to the plaintiff on the referenced date. Nor does the plaintiff allege that his condition was worsened or aggravated by the defendant's action or inaction on March 17, 2005. To the contrary, from attachments to the plaintiff's Complaint, it is apparent that the plaintiff has received substantial medical attention while confined at LSP, with this attention occurring both before and after the incident complained of on the referenced date. Accordingly, the Court cannot conclude that defendant Tran was deliberately indifferent to the plaintiff's serious medical needs on a single date in March, 2005. For this reason, it is appropriate that the motion to dismiss of this defendant be granted and that the plaintiff's claims against her be dismissed, with prejudice.

RECOMMENDATION

It is the recommendation of the Magistrate Judge that the defendants' Motion to Dismiss, rec.doc.no. 21, be **granted** and that the plaintiff's action be dismissed, with prejudice.

Signed in chambers in Baton Rouge, Louisiana, January 24, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**